IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| STERLING SERVICES, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 05-587C |
| v. | ) | (Judge Allegra) |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S ANSWER

For its answer to the complaint, defendant admits, denies, and alleges as follows:

1. Denies the allegations contained in paragraph 1 for lack of knowledge or information sufficient to form a belief as to their truth.

2. Admits the allegation in paragraph 2 that the defendant is the United States. The remainder of the allegations contained in paragraph 2 constitute conclusions of law and plaintiff's characterizations of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

3. Admits the allegation contained in paragraph 3 that Sterling provided services to the Air Force pursuant to Contract No. F04626-01-D-0001. The remaining allegations contained in paragraph 3 constitute plaintiff's characterizations of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

4. The allegations contained in paragraph 4 constitute conclusions of law and plaintiff's characterizations of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

5. The allegations contained in paragraph 5 constitute a conclusion of law to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

6. The allegations contained in paragraph 6 constitute conclusions of law and plaintiff's characterizations of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

7. Admits the allegation contained in the first sentence of paragraph 7. Admits the remaining allegations contained in paragraph 7 to the extent supported by the contract, which is the best evidence of its contents; otherwise denies the remaining allegations contained in paragraph 7.

8. Admits the allegations of paragraph 8 to the extent supported by the contract, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 8.

9. Admits the allegations of paragraph 9 to the extent supported by the contract, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 9.

10. Admits.

11. Admits the allegations of paragraph 11 to the extent supported by the contract, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 11.

12. Admits the allegations of paragraph 12 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 12.

13. Admits the allegations of paragraph 13 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in

paragraph 13.

14. Admits the allegations contained in the first sentence of paragraph 14 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in the first sentence of paragraph 14. Denies the allegations contained in the second sentence of paragraph 14.

15. Admits the allegations of paragraph 15 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 15.

16. Admits the allegations of paragraph 16 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 16.

17. Admits the allegations of paragraph 17 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 17.

18. Admits the allegations of paragraph 18 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 18.

19. Admits the allegations of paragraph 19 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 19.

20. Admits the allegations of paragraph 20 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 20.

21. Defendant’s responses to the allegations contained in paragraphs 1 through 20 are incorporated by reference.

22. Denies.

23. Denies.

24. Defendant's responses to the allegations contained in paragraphs 1 through 23 are incorporated by reference.

25. The allegations contained in paragraph 25 constitute a conclusion of law to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

26. Denies.

27. Denies.

28. Denies that plaintiff is entitled to the relief requested in the “Wherefore” paragraph that follows paragraph 27 of the complaint or any relief whatsoever.

29. Denies each and every allegation not previously admitted or otherwise qualified.

WHEREFORE, defendant requests that the Court enter judgment in its favor, order that the complaint be dismissed, and grant defendant such other and further relief as the Court may deem just and proper.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Franklin E. White, Jr.
FRANKLIN E. WHITE, JR.
Assistant Director

s/ Andrew P. Averbach
ANDREW P. AVERBACH
Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
Attn: Classification Unit
8th Floor
Washington, DC 20530
Tel. (202) 353-0527
Fax. (202) 305-2118

September 30, 2005

Attorneys for Defendant