IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| STERLING SERVICES, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 05-587C |
| vs. | ) | (Judge Allegra) |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

MOTION TO TRANSFER

COMES NOW the Plaintiff, Sterling Services, Inc. ("Sterling"), and files this Motion seeking transfer of this dispute to the Armed Services Board of Contract Appeals ("ASBCA") pursuant to Section 609(d) of the Contract Disputes Act (41 U.S.C. § 601 et seq.)(the "CDA.") Sterling submits that such a transfer of the instant matter to the ASBCA is justified in that the transfer will benefit the convenience of all witnesses, both government and Sterling, and is in the interest of justice. Moreover, the United States, through the assigned trial attorney of the Department of Justice, does not object to the Motion.

In support of this Motion to Transfer, Sterling submits the following:

1. Sterling entered into Contract No. FO4626-01-D-0001 with the Department of the Air Force (the "Contract"). The Contract required Sterling to provide certain services for both transient aircraft and for aircraft based at Travis Air Force Base, Sacramento, California ("Travis").

2. The Contract had two significant, but separate, sets of requirements: (a) a monthly fixed price element for furnishing "Aircraft Services" to transient aircraft arriving to and departing from Travis under Item 0001AA ("Excluding Aircraft Washes"); and (b) a unit price element for furnishing "Aircraft Wash, Preparation and Lubrication" for C-5 aircraft, KC-10 aircraft, and

special events. Sterling understands that prior contracts for these disparate services were let individually rather than as one combined contract with two separate pricing schemes.

Aircraft Wash Claims
(Presently Before the US Court of Federal Claims)

3. Certain events occurred which caused Sterling to incur increased costs on the wash services part of the Contract that Sterling believes are compensable under the Contract, namely that the government estimates were materially in error and that the government failed to pay for certain items additional to those required by the Contract. As a result, Sterling submitted four claims with the Contracting Officer at Travis on May 15, 2003 (Claim Nos. 5 – 8) and one claim on May 16, 2003 (Claim No. 9). These claims all related to Sterling's furnishing wash services and towing for wash services under the Contract.

4. By letter dated June 3, 2004, the Contracting Officer at Travis issued a Final Decision denying Claim Nos. 5 – 9.

5. Sterling appealed the Final Decision of the Contracting Officer by filing its Complaint in the instant action in this Court on May 31, 2005. Thereafter, the United States filed an Answer on September 30, 2005.

6. Apart from very minor procedural communications and Sterling's hosting a meeting in July to make a presentation about its claims to the Contracting Officer from Travis and government counsel, neither the United States nor Sterling has devoted extensive work to this litigation.

Transient Aircraft Services Claims
(Before the Armed Services Board of Contract Appeals)

7. Sterling also encountered certain events which caused Sterling to incur increased costs on the transient aircraft services part of the Contract that Sterling also believes are compensable

under the Contract. Certain of these events involve issues with the estimates provided by the Air Force similar to the estimates provided on the wash services disputes that are covered in the instant matter. As a result, Sterling filed four claims (Claim Nos. 1 – 4) on April 25, 2003 (Claim No. 1), on April 30, 2003 (Claim Nos. 2 -3), and on May 15, 2003 (Claim No. 4).

8. Unlike Claim Nos. 5 – 9 which received a Final Decision by the Contracting Officer and are covered by the instant action, Claim Nos. 1 – 4 never received a Final Decision by the Contracting Officer.

9. Prior counsel to Sterling made this Court aware of the existence of Claim Nos. 1 – 4, and the Court established a date by which Sterling had to join the new claims in this litigation, if it were going to do so.

10. Sterling changed counsel to the undersigned not only in the instant matter but also for purposes of resolving Claim Nos. 1 – 4. As a result, Sterling notified this Court that it was not going to join the new claims (Nos. 1 – 4) with the instant litigation, but rather intended to take any dispute involving those claims to the ASBCA.

11. As noted in Para. 6 above, Sterling hosted a meeting in Washington, DC with the Contracting Officer in late July as an attempt to reach a resolution of all its claims under the Contract. That meeting was not successful.

12. Also as noted above, the Contracting Officer has never issued a Final Decision on Claim Nos. 1 – 4 despite those claims, certified where required, having been filed over three years ago. Sterling submits that the Contracting Officer would simply deny Claim Nos. 1 – 4, if the Contracting Officer were forced to issue final decisions.

13. Sterling filed Notices of Appeal on Claim Nos. 1 – 4 with the ASBCA on August 16, 2006 citing the Board's jurisdiction to hear the appeals on the basis of deemed denials of the claims.

14. Sterling's appeals of the deemed denials of Claim Nos. 1 – 4 were docketed at the ASBCA on August 18, 2006 as ASBCA Nos. 55540 – 55543, respectively.

**ARGUMENT**

Sterling is seeking in this motion for the US Court of Federal Claims to transfer the existing dispute involving Claim Nos. 5 – 9 to the ASBCA where Claim Nos. 1 – 4 have been docketed. In support of this Motion, Sterling has provided the above facts showing that all the claims arise from the same contract, Contract No. FO4626-01-D-0001 with the Department of the Air Force (previously identified as the "Contract.") While the Contract does have two somewhat disparate sets of requirements with one part of the Contract being a fixed price contract for the provision of monthly transient aircraft services (Claim Nos. 1 – 4) and the other part being a unit price contract for the provision of wash services (Claim Nos. 5 – 9), the claims and the disputes still involve the same Contract.

More importantly, most of the disputes share a common theme – the Air Force failed to provide then-current and accurate estimates that led to Sterling's incurring significantly increased costs. Many of the facts surrounding the improper and negligent furnishing of the estimates, share a common set of facts. Thus, if the disputes are not combined in one forum, there is the potential for two different forums (this Court and the ASBCA) to render inconsistent results based on the same set of facts and the same Contract.

Congress contemplated this very situation when it passed the CDA. Section 609(d) specifically allows for such a transfer and consolidation at a Board of Contract Appeals where it states

> **Consolidation.** If two or ore suits arising from one contract are filed in the United States Claims Court [United States Court of Federal Claims] and one or more agency boards, for the convenience of parties or witnesses or in the interest of justice, the States Claims Court [United States Court of Federal Claims] may order the consolidation of such suits in that court or transfer any suits to or among the agency boards involved.

Sterling submits that the convenience of the parties is best met by such a transfer. This will allow for any discovery to proceed at one time. For example, there would be no need for two depositions of the Contracting Officer, or two depositions of the President of Sterling, as could happen with the disputes in different forums. Likewise, there would be no need for two trials.

In addition, the interest of justice is best served by exercising the transfer option and uniting the matters in one forum. By doing so, the efficient use of limited judicial resources is best accomplished and the risk of inconsistent results is removed. Moreover, many of the same facts will be brought forth on both sets of claims regarding essentially overlapping issues concerning the government's estimates. And, as noted above, both matters involve the same Contract.

Finally, neither side will lose much work on the matter that is currently before the Court. For that reason, the United States has authorized the undersigned to indicate that the United States does not object to the transfer.

For all the reasons indicated above, Sterling Services, Inc. respectfully moves this Court to transfer the subject action to the Armed Services Board of Contract Appeals. Existing counsel

for the United States in the instant matter is both electronically served and will be copied on this Motion. In addition, trial counsel for the Air Force before the ASBCA will also be notified. Likewise, the Recorder, Armed Services Board of Contract Appeals will also be notified of this Motion.

Respectfully submitted this the 1st day of September, 2006.

NELSON MULLINS RILEY & SCARBOROUGH, LLP

*s/ William H. Gammon*
William H. Gammon
GlenLake One, Suite 200
4140 Parklake Avenue
Post Office Box 30519 (27622-0519)
Raleigh, North Carolina 27612
Tel. (919) 877-3809
Fax (919) 877-3142
bill.gammon@nelsonmullins.com

*Attorney for Plaintiff*